UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HORACE FRIEND and TERESITA FRIEND,<br><br>            Plaintiff,<br><br>   v.<br><br>HON. ROBERT N. KWAN, *et al.*,<br><br>            Defendants. | Cause No. C21-5663RSL<br><br>ORDER DISMISSING CLAIMS AGAINST FEDERAL DEFENDANTS |

      This matter comes before the Court on a "Motion to Dismiss" filed by the four federal judges who have been named as defendants in the above-captioned matter. Dkt. # 5. Plaintiffs allege that the Honorable Robert N. Kwan, a United States Bankruptcy Judge in the Central District of California, improperly allowed defendant MERS to foreclose on their mortgage, forcing them out of their home. Plaintiffs have since clarified that they are suing Judge Kwan and three appellate judges under 42 U.S.C. § 1983 for their roles in depriving plaintiffs of their residential property in the absence of legal authority. The federal defendants seek dismissal of the claims asserted against them on a number of grounds, including sovereign immunity, judicial immunity, failure to state a claim, insufficient service of process, and lack of personal jurisdiction. At plaintiff Horace Friend's request, the Court granted plaintiffs an extension of time in which to finalize their response to the motion. The Court has considered all of Mr. Friend's submissions, including the November 5, 2021, sur-reply.

ORDER DISMISSING CLAIMS
AGAINST FEDERAL DEFENDANTS - 1

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). To survive a motion to dismiss, plaintiffs must make a "short and plain statement of the claim" from which the Court can draw the reasonable inference that the defendant is liable and plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2); *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). *See also Twombly*, 550 U.S. at 570. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Plaintiffs have failed to allege facts that could give rise to a plausible inference that they are entitled to relief from the federal judicial officers for three separate reasons.

- First, any claim under 42 U.S.C. § 1983 fails because the federal judges were acting under the authority of federal, not state, law. *See, e.g., West v. Atkins*, 487 U.S. 42, 48, (1988) (noting that a Section 1983 claim involves action taken under color of state law). Plaintiffs have specifically stated that they are not asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. # 11 at 1.

- Even if plaintiffs were asserting a claim under *Bivens*, their claims would be barred by

ORDER DISMISSING CLAIMS
AGAINST FEDERAL DEFENDANTS - 2

judicial immunity. "It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute" in that it protects the decisionmaker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate § 1983 action is unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").

- Finally, plaintiffs have failed to show that they have served the federal defendants or that the Court can properly exercise jurisdiction over their persons.

For all of the foregoing reasons, the federal defendants' motion to dismiss (Dkt. # 5) is GRANTED, and the claims asserted against them are hereby DISMISSED.

Dated this 9th day of November, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING CLAIMS
AGAINST FEDERAL DEFENDANTS - 3