UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HORACE FRIEND and TERESITA FRIEND,

Plaintiffs,

v.

HON. ROBERT N. KWAN, *et al.*,

Defendants.

Cause No. C21-5663RSL

ORDER OF DISMISSAL

This matter comes before the Court on defendant "Mortgage Electronic Registration

Systems, Inc.'s Motion to Dismiss." Dkt. # 31. Plaintiffs allege that the Honorable Robert N.

Kwan, a United States Bankruptcy Judge in the Central District of California, allowed defendant

MERS to foreclose on their mortgage based on the presentation of "improper and fraudulent

documents." Dkt. # 1-1 at 3. In particular, plaintiffs allege that they did not sign the underlying

Deed of Trust and that a related Adjustable Rate Rider contained a fraudulent notary signature.

*Id.*[1] MERS seeks dismissal of the claims asserted against it under the doctrines of *res judicata*

and collateral attack. MERS requests that the Court take judicial notice of the proceedings in

plaintiffs' bankruptcy case and of an order dismissing a prior cause of action against non-MERS

---

[1] To the extent plaintiff asserted claims against Judge Kwan and other federal defendants based on the decision to release the property from the bankruptcy stay, those claims have been dismissed. Dkt. # 14.

ORDER OF DISMISSAL - 1

entities in which plaintiffs alleged that defendants were attempting to enforce "bad" loan documentation. Dkt. # 32-1 at 7.

Plaintiffs have not opposed the motion to dismiss or the request for judicial notice. Nevertheless, MERS has not shown that the claims asserted against it are barred by the collateral attack doctrine. Although most of the allegations of the original and amended complaints take issue with the decision to lift the bankruptcy stay and allow the foreclosure to proceed, reading the allegations in the light most favorable to plaintiff suggests that they may be asserting a claim against MERS based on alleged defects in the notarization of the underlying mortgage documents. Plaintiffs argue that these defects invalidated the mortgage and made the subsequent foreclosure illegal. A challenge to the legal sufficiency of the documents on which the foreclosure was based is not an attack on Judge Kwan's decision to lift the bankruptcy stay. Such a claim is, however, barred by the doctrine of *res judicata*. Plaintiffs previously asserted their improper notarization claim before the Honorable David O. Carter, United States District Judge for the Central District of California, and demanded that "the mortgage on their property [be rescinded] due to 'bad' documentation presented by Defendants." *Friend v. Executive Financial Home Loan Corp.*, SACV 09-0457DOC (C.D. Cal), Dkt. # 74 at 6-7 (Third Amended Complaint). That claim was dismissed with prejudice (Dkt. # 32-1) and cannot be revived here.[2]

---

[2] That MERS was not named as a defendant in the earlier litigation does not preclude it from asserting a *res judicata* or collateral estoppel defense. *Clark v. Watchie*, 513 F.2d 994, 997 (9th Cir. 1975).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      For all of the foregoing reasons, MERS' motion to dismiss (Dkt. # 31) is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiffs.

      Dated this 18th day of July, 2022.

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 3